MARION COUNTY v. ROWELL, County Judge, et al. (No. 2037.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 11, 1918. Rehearing Denied Jan. 9, 1919.)

LIMITATION OF ACTIONS ⬳192(3)—PLEADING—SUSPENSION OF LIMITATIONS.

In action against county judge and sureties on his bond to recover money due plaintiff county, a demurrer to petition because action was barred by limitations was properly sustained, where supplemental petition in avoidance failed to show defendant's fraudulent concealment of cause of action preventing bringing of an action, in view of Rev. St. 1911, arts. 1427, 1453, relating to judge's statements, report to county clerk, and examinations.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Suit by Marion County against T. D. Rowell, as County Judge, and the sureties on his official bond. Demurrer to petition sustained, and the County appeals. Affirmed.

Mason Williams, of San Antonio, for appellant.

W. L. Grogan, of Shreveport, La., and R. R. Taylor, Schluter & Singleton, and Armistead & Benefield, all of Jefferson, for appellees.

LEVY, J. The suit is by Marion county against T. D. Rowell, as county judge, and the sureties on his official bond, to recover a sum of money alleged to be due and owing the county during the year 1900. The suit was filed April 9, 1917. The defendants specially demurred to the petition upon the ground that the alleged cause of action was barred by the statutes of limitation. The plaintiff, by supplemental petition, pleaded in avoidance of the statute of limitation. The court sustained the demurrer, and the appeal is to revise the ruling of the court.

It is believed that the court did not err in sustaining the special demurrer; for the matters pleaded in the supplemental peti-

tion, relied upon to prevent the running of the statute of limitation, fail to show such fraudulent conduct or fraudulent concealment of the cause of action by the defendant as would prevent the bringing of an action such as sued upon. The statute (article 1427) requires an officer collecting money for the county to report same in writing to the county clerk, and the pleading does not show that such report was not made by the defendant. And as the statute (article 1453) requires the district judge to appoint at each term of the district court a finance committee to examine into the condition of the finances of the county, it would not appear from the pleading that the county was fraudulently prevented from legal ways of knowing or ascertaining that the debt alleged was due and owing. And otherwise giving full force and effect to the said pleading, it is believed that it is wholly insufficient to authorize the staying of the bar of limitation. It is quite unlike the cases cited.

The judgment is affirmed.